G. Thomas Martin, III, Esq. (SBN 218456)
Nicholas J. Bontrager, Esq. (SBN 252114)
**MARTIN & BONTRAGER, APC**
6565 W. Sunset Blvd, Suite 410
Los Angeles, CA 90028
Telephone: 323.940.1700
Facsimile: 323.328.8095
tom@mblawapc.com
nick@mblawapc.com
Attorney for Plaintiffs
DANIEL & LUZ JIMENEZ

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANIEL & LUZ JIMENEZ,<br><br>           Plaintiffs,<br><br>      vs.<br><br><br>ADIR INTERNATIONAL, LLC dba LA CURACAO; and DOES 1-10, inclusive,<br><br>           Defendant(s). | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR:**<br><br>**1. VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT [CAL. CIV. CODE § 1788]**<br><br>**2. VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. § 227]** |

**COMPLAINT FOR DAMAGES**

**INTRODUCTION**

1.     Daniel & Luz Jimenez (Plaintiffs) bring this action to secure redress from Adir International, LLC dba La Curacao (Defendant) for violations of the

- 1 -

COMPLAINT FOR DAMAGES

Rosenthal Fair Debt Collection Practices Act [CAL. CIV. CODE § 1788] and for violations of the Telephone Consumer Protection Act [47 U.S.C. § 227].

## JURISDICTION AND VENUE

2. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the acts and transactions alleged in this Complaint occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiffs are individuals residing in Lynwood, California. Plaintiffs are natural persons from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing from such person.

5. Defendant, is a corporation engaged in the business of collecting debt in this state and in several other states, with its principal place of business located in California. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

6. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect debts alleged to be due another and Defendant is a "debt collector" as defined by the FDCPA.

7. The true names and capacities, whether individual, corporate, or in any other form, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff, who therefore sues them by such fictitious names. Plaintiff will seek leave to amend this Complaint to show the true names and capacities of DOES 1 through 10 should they be discovered.

## FACTUAL ALLEGATIONS

8. Within one year prior to the filing of this action, Defendant contacted Plaintiffs to collect money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction and/or "consumer debt."

9. Within one year prior to the filing of this action, Defendant constantly and continuously called Plaintiffs at telephone numbers 310-818-6847 and 310-818-6849 with the intent to harass Plaintiffs into paying alleged debts.

10. Within one year prior to the filing of this action, Defendant communicated with Plaintiffs with such frequency as to be unreasonable under the circumstances and to constitute harassment.

11. Defendant falsely threatened to sue Plaintiffs on numerous occasions with it neither intended to sue Plaintiffs nor legally could.

12. Defendant attempted to collect debt from Plaintiffs even after Defendant knew that Plaintiffs were represented by an attorney with respect to the debt.

13. The natural and probable consequences of Defendant's conduct was to harass, oppress or abuse Plaintiffs in connection with the collection of the alleged debt.

14. At all times relevant to this action, while conducting business in California, Defendant has been subject to, and required to abide by, the laws of the United States, which included the TCPA and its related regulations that are set forth at 47 C.F.R. § 64.1200 ("TCPA Regulations"), as well as the opinions, regulations and orders issued by the courts and the FCC implementing, interpreting and enforcing the TCPA and the TCPA regulations.

15. At all times relevant to this action, Defendant owned, operated and or controlled an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1) that originated, routed and/or terminated telecommunications.

16. Within four years prior to the filing of this action, Defendant called Plaintiffs at Plaintiffs' cellular telephone numbers multiple times using an artificial prerecorded voice or using equipment which has the capacity to store or produce telephone numbers to be called, using random or sequential number generator and to dial such numbers, also known as an "automatic telephone dialing system" as defined by TCPA 47 U.S.C. § 227(a)(1)(A) and (B).

17. Defendant never received Plaintiffs' consent to call Plaintiffs on Plaintiffs' cellular telephones using an "automatic telephone dialing system" or an "artificial or prerecorded voice" as defined in 47 U.S.C. § 227 (a)(1).

18. Even assuming arguendo that Defendant did have consent to call Plaintiffs on Plaintiffs' cellular telephone using an ATDS, that consent was revoked by Plaintiff in November and December, 2014.

19. At no time have Plaintiffs and Defendant had an "established business relationship" as defined by 47 U.S.C. § 227(a)(2).

20. Defendant is not a tax exempt nonprofit organization

21. Defendant's violation of the TCPA was willful. Defendant's violation of the TCPA was willful because Plaintiff requested that Defendant cease calling Plaintiff.

## FIRST CAUSE OF ACTION

**(Violation of the RFDCPA, CAL. CIV. CODE § 1788)**

22. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated CAL. CIV. CODE § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called; and

(b) Defendant violated CAL. CIV. CODE § 1788.11(e) by communicating, by telephone or in person, with the debtor with such frequency as to be

unreasonable and to constitute an harassment to the debtor under the circumstances;

  (c)  Defendant violated CAL. CIV. CODE § 1788.13(j) by falsely representing to Plaintiffs that a legal proceeding has been, is about to be, or will be instituted unless Plaintiffs paid their debt to Defendant;

  (c)  Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

    (i)  Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiffs after having been notified that Plaintiffs are represented by attorneys with respect to the subject debt;

    (ii)  Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

    (iii)  Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly; and

    (iv)  Defendant violated CAL. CIV. CODE § 1788.17 by violating Defendant violated §1692e(5) of the FDCPA by threatening to take action that the Defendant does not intend to take and/or the Defendant cannot legally take; and;

    (v)  Defendant violated CAL. CIV. CODE § 1788.17 by violating Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection the alleged debt; and

    (vi)  Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

COMPLAINT FOR DAMAGES

25. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiffs to pay the alleged debt.

26. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiffs for actual damages, statutory damages, and attorney's fees and costs.

## SECOND CAUSE OF ACTION

**(Violations of the TCPA, 47 U.S.C. § 227)**

27. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

(a) Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

(b) Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiffs at Plaintiffs' cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

29. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiffs are entitled to an award of five hundred dollars ($500.00) in statutory damages,

for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

30. Plaintiffs are also entitled to seek injunctive relief prohibiting such conduct in the future.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

(a) An injunction prohibiting Defendant from contacting Plaintiff on Plaintiff's cellular telephone using an automated dialing system pursuant to 47 U.S.C. § 227(b)(3)(A); and

(b) Actual damages pursuant to CAL. CIV. CODE § 1788.30(a); and

(c) As a result of Defendant's violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B); and

(d) As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C); and

(e) Statutory damages pursuant to CAL. CIV. CODE § 1788.30(b); and

(f) Costs and reasonable attorney's fees pursuant to CAL. CIV. CODE § 1788.30(c); and

(g) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

1     (h)     For such other and further relief as the Court may deem just and
2               proper.

3               **DEMAND FOR JURY TRIAL**

4     Please take notice that Plaintiff demands a trial by jury in this action.

5                               RESPECTFULLY SUBMITTED,

6   Dated: February 16, 2015     MARTIN & BONTRAGER, APC

7

8                               By: /s/ G. Thomas Martin, III

9                                   G. Thomas Martin, III
10                                   *Attorney for Plaintiff*